## GOFF v. BAKER.

There was no evidence in this case to authorize the charge of prescriptive title acquired by twenty years adverse possession.

No. 659. JUNE 15, 1918.

Ejectment. Before Judge Thomas. Berrien superior court. October 6, 1917.

*Fulwood & Hargrett* and *J. D. Lovett,* for plaintiff.

*W. D. Buie* and *J. P. Knight,* for defendant.

BECK, P. J.  Goff brought ejectment against Baker, to recover a certain tract of land containing 28 acres.  It was agreed in open court, between counsel for both parties, that the defendant had good paper title to lot of land No. 497, and that the plaintiff had good paper title to lot No. 516.  The defendant claimed that according to the original survey the disputed tract was a part of his lot 497; or, if not properly a part of lot 497, that the line which he contended for and which would give him the tract in dispute had been established by acquiescence by acts or declarations for the statutory period.  He further contended that, whether or not this line had been so established, he had acquired title to the disputed tract by prescription.  The defendant's evidence tending to show his continuous, adverse possession and his exercise of dominion and control over the disputed tract is here set forth.  There is no testimony as to his immediate predecessor in title— who he was or what constituted his evidence of ownership.  The present suit was instituted in February, 1916.  The defendant testified in his own behalf as follows: "I know the line in dispute. I commenced claiming this land in September, 1897, when I bought it.  I paid for it and got Mr. Lindsey to come up and run it out, and I went to leasing the timber and working it.  I leased it for turpentine three years, and he worked it four years.  I then leased it for ten years for sawmill purposes.  They commenced cutting it before the turpentine lease was out.  It was worked four years for turpentine; it was worked continuously.  They cut in it for sawmill continuously for about twelve years, not every year; they cut about two years without any break.  I leased it after that for turpentine, and it was worked right straight on until now.  I mean by leasing it I had it worked for turpentine, then sawmill, and then for turpentine again.  The land I refer to is the 28 acres in dispute and north of the disputed line. . . I have never owned any part of 516.  I never leased any timber of lot 516; the timber lease was on lot 497.  Brown worked it for turpentine, Phillips for sawmill; he cut three years. . . I leased it for turpentine three years, and it was worked four years.  I then leased it for ten years for sawmill.  It was worked every year of the four years, and then I finally leased it two years longer. Phillips commenced to cut about 1901.  I gave no lease to any one on lot 516.  They were all on 497."

The jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was overruled and he excepted.

We are of the opinion that the court erred in this case in submitting to the jury the issue as to whether the defendant had acquired prescriptive title to the land in dispute by continuous adverse possession for twenty years. It clearly appears from the evidence and from the agreed statement of facts that the plaintiff had good paper title to lot No. 516, and the defendant had good paper title to lot 497, the latter lot being immediately north of the former. Evidence was introduced by the plaintiff to show that the land in dispute, 28 acres, was a part of lot 516; and the defendant introduced evidence to show that he had exercised certain acts of ownership over the 28 acres by cutting timber therefrom and turpentining the trees. But the evidence for the defendant fails to show that he occupied the land continuously, openly, adversely, and under a claim of right for a period of twenty years; there being no contention that he had acquired a prescriptive title by possession under color of title for the statutory period.

We do not think it necessary to deal with the question as to whether or not there was evidence to show the establishment of a line by acquiescence by acts or declarations for a period of seven years, and whether the evidence authorized a charge upon that subject, inasmuch as the evidence may differ upon the next trial and it may also be more clearly developed.

*Judgment reversed. All the Justices concur.*